PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO A. RIVERA PALMER, Defendant and Appellant.

No. 6701. Argued November 17, 1937.—Decided December 10, 1937.

*C. H. Juliá* for appellant; *R. A. Gómez, Prosecuting Attorney* and *Luis Janer, Assistant Prosecuting Attorney* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The essential part of the complaint reads thus:

" . . . That on April 18, 1936 at 10:50 A. M., and at Stop 40, Road No. 1, Río Piedras, P. R., of the Municipal Judicial District of Río Piedras, which forms part of the Judicial District of San Juan, P. R., then and there the said accused Pedro A. Rivera Palmer, illegally, wilfully and maliciously was acting as a public carrier transporting passengers in automobile No. P. 2451, owned by him, in the route between Río Piedras and San Juan, for a price of ten cents for each passenger, without having a certificate of necessity and convenience or any other valid authorization issued by the Public Service Commission of Puerto Rico to serve said route, although the same is served exclusively by the public carrier White Star Bus Line, Inc., which is the only one authorized to render such service, etc."

The defendant has taken an appeal from the judgment which sentenced him to pay a fine of $50 or to serve a day in prison for each dollar unpaid, and he charges the lower court with the following errors:

"*First:* That it was not proved, beyond a reasonable doubt, that the accused violated any order of the Public Service Commission, transporting passengers for pay.

"*Second:* That the judgment in this case is contrary to the evidence offered in the same."

The Final Order of the Public Service Commission of which the defendant was charged with having violated, provides:

"It is further ordered; and by the present it is prohibited that any motor vehicle which has not been previously authorized by the Commission, act, serve, do or operate as a public carrier in the transportation of passengers for pay, furnishing, offering, giving or rendering service to the public in general *for pay* and for seats *within points included within the routes served by the White Star Bus Line, Inc.*

"The fact that a motor vehicle transports one or more passengers *from one place to another within the routes served by the White Star Bus Line, Inc.*, for pay for seats, will constitute prima facie evidence of a violation of the provisions of this Order." (Italics ours.)

In accordance with the provisions which we have just transcribed, the essential elements of the offense are:

1. That the accused, acting as a public carrier, performed the act of transporting in his automobile one or more passengers.

2. That the service rendered by the accused was performed for pay for each seat.

3. That the transportation was made from a place comprised within the routes served by the White Star Bus Line, Inc., to another place also included within said routes.

The prosecution can not be successful if the evidence offered by the Government is insufficient to at least establish a prima facie case against the accused. We have examined the evidence which may be summarized as follows:

Policeman Rodríguez testified that "the accused was driving a public car in the direction of San Juan towards Río Piedras, a passenger got off and paid him"; that he does not know where the accused took (*cogió*) said passenger. And upon cross-examination by the defense he testified that there were other passengers in the car amongst which there was a priest, who informed him that he was going to Ponce; that he saw that the passenger got off and paid.

The other witness for the prosecution, also a policeman, testified only that in his presence and that of policeman Ro-

dríguez, the accused left a passenger he was transporting, in front of the University at Río Piedras.

The accused testified that he was going with the passengers to Ponce; that one of the passengers asked him to leave him at the University and to come back for him in 10 or 15 minutes and that he did so; that he could not come back to get him, or make the trip to Ponce because the policeman arrested him; and that it is not true that the passenger paid him any amount.

In our judgment the evidence of the Government is insufficient to support the charge. Even though we admitted that it was proved that the Pensionado Católico at Río Piedras is a place included within the route served by the White Star Bus Line, Inc., and that the passenger transported to said place by the accused paid the latter a sum of money, we would always have to declare that there is a fatal insufficiency in the proof for the failure to present evidence to establish the essential fact that the passenger boarded the car at a place included within the route served by said public carrier.

The judgment appealed from must be reversed.

Mr. Justice Córdova Dávila took no part in the decision of this case.